## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 12, 2011

Lyle W. Cayce
Clerk

No. 11-60082
Summary Calendar

XINYUE WU,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 099 730

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Xinyue Wu (Wu), a citizen of the People's Republic of China, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal of the order of the Immigration Judge (IJ) denying her application for asylum and withholding of removal. Wu contends that the BIA and IJ erred by finding her noncredible. She asserts that she established past persecution, a well-founded fear of future persecution, eligibility for withholding of removal, and eligibility under the Convention Against Torture (CAT) based on her forced

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abortion and near-arrest for her religious activities.  Wu suggests that the IJ was merely looking for a way to deny her relief and construed the evidence accordingly.

This court is authorized to review the order of the BIA. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).  However, where the IJ's findings impacted the BIA's decision, the court may review the IJ's findings.  *See id.*  Factual findings are reviewed for substantial evidence.  *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).  "Under this standard, reversal is improper unless [the court] decide[s] not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it."  *Zhang v. Gonzales,* 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted).  Among the findings of fact that this court reviews for substantial evidence is the conclusion that an alien is not eligible for asylum, withholding of removal, or relief under the CAT. *Id.*

"[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible."  *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted).  Where the petitioner challenges the denial of asylum or withholding of removal by attacking the underlying credibility finding, this court will deny the petition if the "adverse credibility finding is supported by substantial evidence."  *Id.* at 540. Therefore, this court will defer to the immigration court's decision "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Id.* at 538 (internal quotation and citation omitted).

The adverse credibility findings of the IJ and BIA are supported by substantial evidence.  Presbyter Ai Guang Zheng wrote that Wu left China for the United States to reunite with her husband.  He said nothing about Wu's involvement in any illegal proselytizing activities that might have drawn the

attention of police, nor did he address the legal status of his own church. Wu wrote in her asylum application statement that she learned of the arrests of two church members when she was hiding at her aunt's residence. She testified at the hearing, however, that the arrests occurred when she first joined the church, and that only one person, Mei Le, was actually arrested. Zheng's certificate and Wu's contradictory testimony as to the timing of the arrest of church members undermined the credibility of her claim to have come to the United States to escape religious persecution.

"[A] person who has been forced to abort a pregnancy . . . shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42). Moreover, a woman "who has a well founded fear that . . . she will be forced to undergo such a procedure . . . shall be deemed to have a well founded fear of persecution on account of political opinion." Wu, however, failed to inform the asylum officer that she had been physically forced to have an abortion, despite being asked open-ended questions that would have allowed her to do so. Moreover, Wu testified that Chinese authorities will allow her to have a second child because her first child is a girl, and, according to the State Department, Zhejiang province (where Wu resided) allows eligible couples to have a second child four years after the birth of their first. Wu's forced abortion claim was undermined by her failure to inform the asylum officer, and she was unable to demonstrate a well-founded fear of being subjected to a forced abortion on return to China.

In addition to evidence undermining the credibility of the particular claims of persecution, Wu's testimony that her first husband, Xiao Long Gu, left China on May 5, whether in 2000 or 2002, was contradicted by a 2004 divorce document, which gave a departure date of March 2001. Wu told the asylum officer that she had an uncle in the United States; she did not inform the officer that both her ex-husband and then-husband were in the country.

In light of the discrepancies, Wu fails to demonstrate that "it is plain that no reasonable fact-finder could make . . . an adverse credibility ruling." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted).  Accordingly, the credibility determination is supported by substantial evidence.  *See id.*

To the extent Wu raises a separate claim that the IJ was biased against her, she did not raise any such claim in her appeal to the BIA.  She failed to exhaust the issue, and this court lacks jurisdiction to consider it.  *See Omari v. Holder,* 562 F.3d 314, 318-19 (5th Cir. 2009).

PETITION DENIED.